**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JOSEPH W. KISLOWSKI,**

                                 **Plaintiff,**

                v.                                            **1:19-CV-218
(FJS/CFH)**

**CORIN KELLEY and WARREN COUNTY
PROBATION DEPARTMENT,**

                                   **Defendant.**

---

**APPEARANCES**                                    **OF COUNSEL**

**OFFICE OF VINCENT U. UBA**          **VINCENT U. UBA, ESQ.**
750 Broadway
Albany, New York 12207
Attorneys for Plaintiff

**MURPHY BURNS LLP**                  **THOMAS K. MURPHY, ESQ.**
407 Albany Shaker Road
Loudonville, New York 12211
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

     Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

## II. BACKGROUND[1]

On or about September 3, 2014, Defendant Kelley filed a Violation of Probation ("VOP") petition against Plaintiff with the Warren County Court. *See* Dkt. No. 1, Complaint, at ¶ 19. The facts to which Defendant Kelley swore in her petition were false and were not sufficient to warrant the filing of a VOP petition against Plaintiff. *See id.* at ¶ 20. Defendant Kelley knew those facts were false and/or insufficient to support a VOP petition but, nonetheless, filed the VOP petition. *See id.* at ¶ 21. Defendant Kelley's institution of the criminal proceeding in the form of a VOP petition against Plaintiff was motivated by her animus against Plaintiff and a desire other than bringing Plaintiff to justice in accordance with the law. *See id.* at ¶¶ 22-23. At the initial hearing on the VOP petition on September 4, 2014, Defendant Kelley misrepresented certain material facts to the court, which formed the basis for the court to order Plaintiff's detention. *See id.* at ¶ 24.

On or about October 30, 2014, Defendant Kelley filed an amended VOP petition. *See id.* at ¶ 25. The facts to which Defendant Kelley swore in this amended VOP petition were equally false and a product of coercion of witnesses and were also insufficient to warrant the filing of the amended VOP petition. *See id.* at ¶¶ 26-27. Defendant Kelley knew those facts were false and/or insufficient to support an amended VOP petition, but she nonetheless filed that petition. *See id.* at ¶ 28. Defendant Kelley coerced and enticed Patrick Lily, a convicted criminal and probationer at the time, to testify false against Plaintiff. *See id.* at ¶¶ 29-30. On November 21, 2017, the New York State Court of Appeals issued a unanimous decision in which it ruled that the amended VOP petition was defective and facially insufficient. *See id.* at ¶ 31.

---

[1] Since this is a motion to dismiss, the recitation of the "facts" in this section is based on the allegations in Plaintiff's complaint, which the Court must accept as true.

Defendant County approved of and ratified each and every unlawful act that Defendant Kelley perpetrated against Plaintiff. *See id.* at ¶ 32. Moreover, Defendant Kelley acted in accordance with the policy, practice, custom, and directives that Defendant County established. *See id.* at ¶ 33. Furthermore, Defendant County had a policy, practice, custom, and/or is deliberately indifferent to its Probation Officers' wrongful use of legitimate legal processes to achieve illegitimate and unlawful collaborative objectives. *See id.* at ¶ 34. In addition, Defendant County failed to properly train and/or supervise Defendant Kelley. *See id.* Finally, Defendant County's unlawful policies, acquiescence, and/or failure to train was the moving force behind the damages and injury that Plaintiff suffered at the hands of Defendant County and its employee, Defendant Kelley. *See id.* at ¶ 36.

Based on these factual allegations, Plaintiff asserted the following seven causes of action against both Defendants:

> (1) First Cause of Action - malicious prosecution pursuant to 42 U.S.C. § 1983;
> 
> (2) Second Cause of Action - false arrest pursuant to 42 U.S. § 1983;
> 
> (3) Third Cause of Action - abuse of process pursuant to 42 U.S.C. § 1983;
> 
> (4) Fourth Cause of Action - substantive due process violation pursuant to 42 U.S.C. § 1983;
> 
> (5) Fifth Cause of Action - procedural due process violation pursuant to 42 U.S.C. § 1983;
> 
> (6) Sixth Cause of Action - cruel and unusual punishment pursuant to 42 U.S.C. § 1983; and
> 
> (7) Seventh Cause of Action - malicious prosecution pursuant to state law.

*See* Dkt. No. 1, Complaint at ¶¶ 43-80.

### III. DISCUSSION

**A.     Standard of review**

When addressing a motion to dismiss pursuant to Rule 12(b)(6), the court's function is "'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Matteson v. Hall*, No. 6:18-CV-06772-MAT, 2019 WL 2192502, *2 (W.D.N.Y. May 21, 2019) (quoting *Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (internal quotation marks omitted)). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955 [(2007)]). "When assessing a claim's plausibility, the district court must 'assume [the] veracity' of all well-pleaded factual allegations contained in the complaint, *Iqbal*, 556 U.S. at 679, and draw every reasonable inference in favor of the plaintiff, *Zinermon v. Burch*, 494 U.S. 113, 118 (1990))." *Matteson*, 2019 WL 2192502, at *2. "However, the allegations must consist of more than mere labels or a 'formulaic recitation of the elements of a cause of action[.]' *Iqbal*, 556 U.S. at 679. Bare legal conclusions are 'not entitled to the assumption of truth.' *Id.*" *Matteson*, 2019 WL 2192502, at *2.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing [*Twombly*, 550 U.S.] at 556, 127 S. Ct. 1955). The Supreme Court has explained

that "plausibility" is not the same as "probability," but it nevertheless "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting [*Twombly*, 550 U.S. at 556]). In other words, factual allegations that are "'merely consistent with' a defendant's liability . . . 'stop[] short of the line between possibility and plausibility . . . .'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Finally, when "considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).

**B.     Statute of limitations**

Defendants assert that the applicable statute of limitations bars Plaintiff's second, third, and sixth causes of action.

The statute of limitations for § 1983 claims "is found in the 'general or residual [state] statute [of limitations] for personal injury actions,'" *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)), which in New York is a period of three years, *see* N.Y. C.P.L.R. § 214(5). Section 1983 claims accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (quotation omitted).

Since the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that he has timely filed the case. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (citation omitted). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the

pleading. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (noting that "district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted'" (quotation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds).

The parties do not dispute that the statute of limitations for Plaintiff's false arrest, abuse of process and cruel and unusual punishment claims is three years. They do, however, dispute when those causes of actions accrued. Plaintiff contends that all three causes of action accrued on November 21, 2017, when the New York Court of Appeals ruled that the amended VOP petition was defective and facially insufficient. To the contrary, Defendants argue that Plaintiff's false arrest and abuse of process claims accrued on September 3, 2014, when he was arrested on the VOP petition and that Plaintiff's deliberate indifference claim accrued no later than December 17, 2014, when the court entered the judgment of conviction because, at that time, the court revoked Plaintiff's probation and sentenced him to time served.

### 1. Plaintiff's false arrest claim

"A false arrest claim accrues at the time of the arrest." *Hennessy v. Alossa*, No. 1:19-CV-1027 (BKS/DJS), 2019 WL 6137375, *3 (N.D.N.Y. Oct. 4, 2019) (citing *Jaegly v. Couch*, 439 F.3d 139, 154 (2d Cir. 2006)) (other citation and footnote omitted).[2] Plaintiff alleges that he was arrested

---

[2] Despite Plaintiff's argument to the contrary, although "the favorable termination of a judicial proceeding is an element of a claim for malicious prosecution, . . . it is not an element of a claim for false arrest. . . ." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (internal citations omitted).

on the VOP petition on or about September 3, 2014. Thus, the statute of limitations began to run on that date and expired on or about September 3, 2017. Since Plaintiff did not file his complaint in this action until February 17, 2019, well after the statute of limitations had expired, his false arrest claim is time-barred. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's false arrest claim.

### *2. Plaintiff's abuse of process claim*

A claim for abuse of process "[o]rdinarily . . . accrues at such time as the criminal process is set in motion -- typically at arrest -- against the plaintiff." *Duamutef v. Morris*, 956 F. Supp. 1112, 1118 (S.D.N.Y. 1997) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989) ("a section 1983 claim for false arrest accrues on the date of the arrest, as does a section 1983 claim for abuse of process, because on that date a plaintiff 'would have reason to know of the injury which those two torts encompass.'")). "However, accrual cannot be appropriate before such time as plaintiff is aware, or ought to be aware, of those facts providing a basis for his claim." *Id.* (citing *Singleton*, 632 F.2d at 192 ("The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action.")) (other citation omitted).

In this case, Plaintiff alleges that Defendant Kelley filed a false VOP petition and provided false information to the court. Thus, even if Plaintiff did not have knowledge of the facts providing a basis for his claim at the time of his arrest on or about September 3, 2014, he was aware of those facts prior to his conviction on that VOP petition in December 2014. Thus, at the latest, Plaintiff's claim for abuse of process accrued no later than the date of his conviction, December 17, 2014; and,

therefore, the statute of limitations for his claim expired, at the latest, by the end of December 2017. Since Plaintiff did not file his complaint in this action until February 17, 2019, more than one year after the statute of limitations had expired, his claim is time barred; and the Court grants Defendants' motion to dismiss Plaintiff's abuse of process claim.

### *3. Plaintiff's deliberate indifference to his serious medical needs claim*

Plaintiff alleges that "Defendants inflicted cruel and unusual punishment upon [him] by failing to provide medical care to [him] during the period of [his] confinement." *See* Complaint at ¶ 72. There is no dispute that Plaintiff was confined from the date of his arrest on the VOP petition on or about September 3, 2014, until the date of his conviction, December 17, 2014, when the court sentenced him to time served and released him. Thus, at the very latest, Plaintiff's claim of deliberate indifference to his serious medical needs accrued on December 17, 2014, and the limitations period on that claim expired on December 17, 2017. Since Plaintiff did not file his complaint in this action until February 17, 2019, the Court finds that this claim is time barred and grants Defendants' motion to dismiss this claim as untimely.

**C.     Plaintiff's first and seventh causes of action for malicious prosecution**[3]

A § 1983 claim of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace v. Kato*, 549 U.S. 384, 390

---

[3] The Court addresses Plaintiff's state law claim and § 1983 claim for malicious prosecution together because "'[t]he elements of malicious prosecution under § 1983 are "substantially the same" as the elements under New York law.'" *Bleiwas v. City of New York*, No. 15 Civ. 10046 (ER), 2019 WL 4747984, *9 (S.D.N.Y. Sept. 30, 2019) (quotation omitted).

(2007) (citations and footnote omitted). To state a § 1983 claim for malicious prosecution, a plaintiff must allege facts showing the following: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (citations omitted). For the purpose of a § 1983 claim of malicious prosecution, a prosecution terminates in a plaintiff's favor when "the criminal proceedings against him [are] terminated in a manner indicating his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018).

Plaintiff purports to allege "facts" to support each of these elements of his malicious prosecution claims. However, the facts that he alleges in his complaint to support the fourth element of these claims, *i.e.*, that the prosecution was terminated in his favor, fail as a matter of law.

"To pursue a malicious prosecution suit in New York, a plaintiff must establish that the underlying proceeding – *i.e.*, the prior action that the defendant allegedly prosecuted in a malicious manner against the plaintiff – 'end[ed] in failure or, in other words, terminate[d] in favor of the plaintiff.'" *Paxfire, Inc. v. Richman*, 779 F. App'x 59, 61 (2d Cir. 2019) (amended summary order) (quoting *O'Brien*, 101 F.3d at 1484). "To establish such a favorable termination, a plaintiff must show either that the court in the underlying action 'passed on the merits of the charge or claim under such circumstances as to shown [sic] nonliability,' or 'that the action was abandoned under circumstances which fairly imply the . . . innocence [of the plaintiff in the malicious prosecution suit].'" *Id.* (quoting *Castro v. E. End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 A.D.3d 608, 609, 850 N.Y.S.2d 483, 485 (2008) (internal citations and quotation marks omitted)). "Absent '[a]

-9-

dispute as to the factual circumstances involving the termination of the prosecution,' the issue of favorable termination is a question of law for the court to decide." *Id.* (quoting *Dunton v. Suffolk Cty.*, 729 F.3d 903, 911 n.9 (2d Cir. 1984)); (citing *Russo v. State of N.Y.*, 672 F.2d 1014, 1020 (2d Cir. 1982) (same), *decision modified on reh'g on other grounds*, 721 F.2d 410 (2d Cir. 1983)).

The New York Court of Appeals has

> ruled that the vacatur by it of a defendant's felony drug conviction and dismissal of the indictment and criminal case against her that had been procured through the introduction of evidence obtained through a faulty search warrant, in violation of the Fourth Amendment, and which evidence the Court of Appeals suppressed, was not a favorable termination so as to support a malicious prosecution action.

*Salvodon v. City of New York*, 55 Misc. 3d 1210(A), 2017 WL 1391124, *12 (Sup. Ct., Queens Cnty., Apr. 18, 2017) (citing *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84-85 [2001], citations omitted).

In *Martinez*, the Court of Appeals explained that

> [a] criminal defendant has not obtained a favorable termination of a criminal proceeding where the outcome is inconsistent with the innocence of the accused. While a plaintiff need not prove actual innocence in order to satisfy the favorable termination prong of a malicious prosecution action, . . . the absence of a conviction is not itself a favorable termination. . . . Plaintiff's felony conviction was reversed not because of her lack of culpability – indeed, her guilt was proven beyond a reasonable doubt – but because the evidence that formed the basis for her conviction was obtained pursuant to a faulty search warrant. There is plainly no favorable termination here for purposes of malicious prosecution.

*Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84-85 (2001) (internal citations omitted).

In this case, the New York Court of Appeals did not rule on the merits of Plaintiff's case. Rather, it dismissed the amended VOP petition because, although "[t]he amended violation of probation petition . . . listed four dates on which defendant allegedly 'had contact with' a convicted

-10-

criminal, . . . [it] did not include any additional information [and, therefore,] was facially insufficient as it did not comport with the statutory requirement of providing probationer with the time, place, and manner of the alleged violation (CPL 410.70)." *People v. Kislowski*, 30 N.Y.3d 1006, 1006-07 (2017). Furthermore, the Court of Appeals stated that "the defect in the amended petition was not cured by defendant's questions posed to the court at the prior arraignment, the substance of which indicated that he did not have notice of the manner in which he allegedly violated a condition of his probation." *Id.* at 1007.

The Court of Appeals' decision that Plaintiff did not have proper notice of the manner in which he allegedly violated a condition of his probation is not a favorable termination because the amended VOP petition was dismissed not because of Plaintiff's lack of culpability, in fact, the Court of Appeals never addressed the merits of Plaintiff's prosecution, but because Plaintiff did not receive adequate notice of the time, place and manner of his alleged violation of parole. In other words, there is nothing in the Court of Appeals' decision that indicates that Plaintiff was innocent, *i.e.,* that he did not violate a condition of his probation; rather, the decision only indicated that he was not given the proper notice of the charges against him.

Therefore, The Court finds that, as a matter off law, the prosecution did not end in Plaintiff's favor; and, thus, Plaintiff cannot state a claim of malicious prosecution under either New York state law or under § 1983. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's malicious prosecution claims, *i.e.*, his first and seventh causes of action.[4]

---

[4] Since the Court has granted Defendants' motion to dismiss Plaintiff's malicious prosecution claims for failure to state a claim, there is no need to address Defendants' alternative argument that Defendant Kelley is entitled to absolute immunity.

**D.     Plaintiff's due process claims**[5]

In his complaint, Plaintiff asserts two due process claims. He labels his fourth cause of action as simply a "Fourteenth Amendment Due Process Claim." He labels his fifth cause of action as a "Procedural Due Process Claim." Although Defendants logically treat Plaintiff's fourth cause of action as a substantive due process claim, it is, in effect, a procedural due process claim based on Plaintiff's allegation that Defendant Kelley fabricated evidence, *i.e.*, that she swore to statements in her VOP application that she knew were false and that she coerced and enticed an individual to testify falsely against Plaintiff, both of which relate to a claim that he was denied the right to a fair trial. Likewise, although based on a separate allegation, *i.e.*, that Defendants did not provide him with notice as to the manner in which he allegedly violated a condition of probation, Plaintiff's fifth cause of action is also a claim that Defendants violated his right to a fair trial. Thus, the Court analyzes both of Plaintiff's due process claims as a single claim for a violation of procedural due process.[6]

---

[5] Initially, Defendants argued that Plaintiff's due process claims were time barred. However, in their reply to Plaintiff's opposition to their motion, Defendants conceded that, in light of the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), these claims are timely.

[6] In addition, to the extent that Plaintiff has attempted to allege a substantive due process claim, the Court dismisses any such claim because it is predicated on the same factual basis as his claims for false arrest, abuse of process and malicious prosecution; and, thus, Plaintiff cannot state a substantive due process claim based on the same conduct. *See Burnes v. Suda*, No. 3:19-CV-1470 (SRU), 2019 WL 5683541, *2 (D. Conn. Nov. 1, 2019) (stating that "'[w]here a particular Amendment "provides an explicit textual source of constitutional protection"' against a particular sort of government behavior, "that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing" that claim" (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989))); *Jackson ex rel. Jackson v. Suffolk Cty.*, 87 F. Supp. 3d 386, 399 (E.D.N.Y. 2015) (holding that, "[b]ecause the Fourth Amendment provides the source for a claim under Section 1983 premised upon an

(continued...)

Plaintiff's procedural due process claim is based on his allegation that Defendant Kelley fabricated evidence in the VOP petition that she filed against him. *See* Complaint at ¶ 63. Furthermore, Plaintiff alleges that this "fabricated evidence was so significant to such an extent that it affected the outcome of the criminal case." *See id.* at ¶ 64. Such a claim is, in effect, a "claim of denial of the right to a fair trial," which "stems from the Sixth Amendment and the Due Process Clauses of the Fifth, Sixth [and] Fourteenth Amendments [to] the U.S. Constitution." *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 627 (E.D.N.Y. 2017) (citations omitted). "Fabrication of evidence constitutes a violation of this right to a fair trial." *Id.* at 628 (citing *Coffey*, 221 F.3d at 344 ("[T]here is a constitutional right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigatory capacity, at least where the officer foresees that he himself will use the evidence with a resulting deprivation of liberty."); *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276 (S.D.N.Y. 2010) (noting that the Second Circuit has permitted "claims for both malicious prosecution and a denial of his right to trial based on the same alleged fabrication of evidence" (citing *Ricciuti*, 124 F.3d at 130-31)) (other citations omitted).

To state a claim of fabrication of evidence, a plaintiff must allege the following elements:

> "an (1) investigating official (2) fabricat[ed] information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result."

*Ying Li*, 246 F. Supp. 3d at 628 (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 280 (2d Cir. 2016)).

In this case, Plaintiff alleged in his complaint that (1) Defendant Kelley*, i.e.*, the

---

⁶(...continued)
allegedly false arrest, false imprisonment, or malicious prosecution, plaintiffs cannot state a substantive due process claim against defendants based on such conduct" (citations omitted)).

investigating official, (2) fabricated information, *i.e.*, swore to facts in her VOP petition against Plaintiff that she knew were false, (3) that this fabricated information was likely to influence a factfinder, in fact the court convicted Plaintiff based on, among other things, the information in the VOP petition, (4) that Defendant Kelley forwarded that information to prosecutors, and that (5), as a result of this fabricated information, Plaintiff was deprived of his liberty interest, *i.e.*, he was incarcerated from September 3, 2014, to December 17, 2014.

Based on these allegations, which the Court must accept as true for purposes of this motion to dismiss, the Court finds that Plaintiff has adequately alleged a claim of fabrication of evidence against Defendant Kelley, which in turn violated his right to a fair trial and, thus, deprived him of his right to procedural due process. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's procedural due process claim.

**E.     Municipal liability against Defendant County under 42 U.S.C. § 1983**

"Establishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) (citing *Monell*, 436 U.S. at 690-91, 98 S. Ct. 2018) (other citation omitted). "To impose liability on a municipality under § 1983, a plaintiff must 'identify a municipal "policy" or "custom" that caused the plaintiff's injury.'" *Newton v. City of New York*, 779 F.3d 140, 152 (2d Cir. 2015) (quotation omitted). A municipality is liable only if the plaintiff shows that he has been the victim of a constitutional violation "committed by persons for whose conduct the municipality can be responsible," because, absent a tortious injury, "*Monell* does not create a stand-

alone cause of action" permitting plaintiffs to challenge the governmental policy. *Askins*, 727 F.3d at 253.

"In the context of a motion [to dismiss], '[t]o allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality.'" *Matthews v. City of New York*, 889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012) (quotation omitted). Boilerplate or threadbare "assertions that a municipality has such a custom or policy that resulted in a deprivation of the plaintiff's rights is insufficient to state a *Monell* claim." *Id.* (citation omitted); *see also Holland v. City of New York*, 197 F. Supp. 3d 529, 552 (S.D.N.Y. 2016) (stating that "'conclusory allegations that a municipality failed to train and supervise its employees' are insufficient to state a *Monell* claim absent supporting factual allegations" (quotation and other citation omitted)). Finally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim that a plaintiff's constitutional rights were violated. *Iqbal*, 556 U.S. at 678 (citation omitted).

In his complaint, the only "factual" allegations that Plaintiff asserts against Defendant County are all made "upon information and belief." *See* Complaint at ¶¶ 32-36. Specifically, Plaintiff alleges that, "[u]pon information and belief, the County defendant approved of and ratified each and every unlawful conduct perpetrated by Kelley against plaintiff," *see id.* at ¶ 32; "[u]pon information and belief Kelley acted in accordance with the policy, practice, custom, and directives established by the County defendant," *see id.* at ¶ 33; "[u]pon information and belief, the County defendant has a policy, practice, custom, and/or are deliberately indifferent to their Probation

Officers' wrongful use of legitimate legal processes to achieve illegitimate and unlawful collateral objectives," *see id.* at ¶ 34; "[u]pon information and belief, the County defendant failed to properly train and/or supervise defendant Kelley," *see id.* at ¶ 35; and "[u]pon information and belief, the unlawful policies, acquiescence, and/or failure to train by the County defendant was the moving force behind the damages and injury suffered by plaintiff in the hands of the County and the County employee Kelley," *see id.* at ¶ 36.

These allegations are insufficient to state a plausible claim for municipal liability against Defendant County. In fact, Plaintiff's complaint does little more than state conclusory allegations of municipal liability unaccompanied by any facts to support these allegations. These allegations are merely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678; and, as such, do not state a claim that Plaintiff's constitutional rights were violated as a result of any policy, custom or practice of Defendant County or that Defendant County failed to properly train or supervise its Probation Officers, including Defendant Kelley. Therefore, the Court grants Defendants' motion to dismiss all of Plaintiff's § 1983 claims against Defendant County, *i.e.*, his first, second, third, fourth, fifth and sixth causes of action, because all of these claims are based on the theory of municipal liability as set forth in *Monell*.[7]

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

---

[7] In addition, as addressed *supra*, Plaintiff's second, third, and sixth causes of action are time barred.

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Plaintiff's first and seventh causes of action for malicious prosecution are **DISMISSED against both Defendants**; and the Court further

**ORDERS** that Plaintiff's second, third, and sixth causes of action are **DISMISSED against both Defendants as time barred**; and the Court further

**ORDERS** that Plaintiff's fourth and fifth causes of action are **DISMISSED AGAINST Defendant County**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Hummel for all further pretrial matters.[8]

**IT IS SO ORDERED.**

Dated: January 30, 2020
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[8] As a result of this Memorandum-Decision and Order, the only claims that remain are Plaintiff's fourth and fifth causes of action against Defendant Kelley in her individual capacity, insofar as those claims assert that Defendant Kelley violated his rights to procedural due process by fabricating evidence and, thereby, denying him a right to a fair trial.